## UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

## MONROE DIVISION

| | |
|---|---|
| **DESMOND CAMPBELL**  LA. DOC #473037  VS. | **CIVIL ACTION NO. 08-1917**  SECTION P  JUDGE JAMES |
| **BASTROP SKID, ET AL.** | **MAGISTRATE JUDGE HAYES** |

## REPORT AND RECOMMENDATION

On December 5, 2008, *pro se* plaintiff Desmond Campbell, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983. Plaintiff is an inmate in the custody of Louisiana's Department of Corrections (LDOC). He is incarcerated at the Morehouse Parish Detention Center (MPDC), Collinston, Louisiana. Plaintiff claims that he was injured in an industrial accident while participating in a work-release program. He faults his work-release employer, the defendant Bastrop Skid for making him work with a broken tool; he faults Ms. Grayson and the Medical Staff at MPDC for providing inadequate medical care following the accident. In addition, his complaint appears to name the Louisiana Office of Workers Compensation, the Morehouse Work Release program, and Louisiana's Department of Corrections as defendants. Plaintiff prays for an unspecified amount of money for pain and suffering, past, present, and future problems, and for the loss of his finger. This matter has been referred to he undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted.

*Statement of the Case*

*1. Original Complaint [rec. doc. 1]*

Plaintiff is an LDOC inmate. On April 18, 2008, he was assigned to the MPDC Work-Release program. He was working as a laborer for Bastrop Skid. On that day he complained to his supervisor that the saw he was operating was broken. He asked for reassignment but was refused. During the course of the day plaintiff's glove got caught in the saw and one of the fingers on his right hand was severed. He reported his injury immediately and within 15 minutes he was transported to a hospital in Bastrop. His hand was wrapped in a towel and he was then transported to the LSU Medical Center in Shreveport where he underwent surgery. He remained in that hospital for 5 days and upon his discharge, medication and physical therapy were ordered by the physicians. However, he claimed that the physician's orders were not heeded upon his return to MPDC.

*2. Amended Complaint [rec. doc. 5]*

On March 9, 2009, the plaintiff was ordered to amend his complaint to provide additional information. [rec. doc. 4] On March 13, 2009, plaintiff submitted an amended complaint. In his amended complaint he alleged:

1. On April 1, 2008,[1] plaintiff was permitted to participate in the work-release program.

---

[1] In his amended complaint plaintiff claimed that the incidents occurred in April 2007. In his original complaint he claimed that the incidents occurred in 2008. Plaintiff mentions an event that occurred on Monday April 14. [rec. doc. 5, p. 1] April 14, 2008 was a Monday; therefore it seems likely that the events in question occurred in 2008 and not 2007 as alleged in the amended complaint. Of course, if the events in question did in fact occur in April 2007, plaintiff's claims would be subject to dismissal as prescribed or time-barred.

The Supreme Court has held that the statute of limitations for a §1983 action is the same as the statute of limitations in a personal injury action in the state in which the claim accrues. *Wilson v. Garcia*, 471 U.S. 261, 279-280, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1984). Nevertheless, the date of accrual for a §1983 claim is a question of federal law. *Piotrowski v. City of Houston*, 51 F.3d 512 (5th Cir. 1995); *Longoria v. City of Bay City*, 779 F.2d 1136 (5th Cir. 1986). "Under federal law, the limitations period commences when the aggrieved party has either knowledge of the

2. On April 10, 2008, he was assigned to work at Bastrop Skid; he reported for duty and his supervisor, Mr. Armstrong, assigned him to work on a "notcher."

3. On April 14, 2008, plaintiff returned to Bastrop Skid and was assigned to work on the "pallet table."

4. On April 15, 2008, Armstrong assigned him to work on a saw "cutting blocks." Plaintiff complained to Armstrong about these different assignments and the lack of training. Armstrong advised plaintiff that he would remain on the "block cutting saw."

5. On April 16, 2008, plaintiff was again assigned to the "block cutting saw." When plaintiff completed his task, Armstrong directed him to clean the walls. When plaintiff completed that task he was assigned to work on the "table saw." Plaintiff complained to Armstrong and advised that he did not know how to operate a "table saw." Armstrong advised him to either perform the assignment or resign. However, plaintiff decided not to resign since his resignation would result in the loss of "good time" credits and work release status.

Plaintiff completed the day working on the "table saw" and returned to MPDC where he was strip searched. Plaintiff asked Lt. Fiffe for another job claiming that the sawdust at Bastrop Skid was causing him to break out in hives. Lt. Fiffe advised plaintiff to make a sick call for the following day since by that time the jail nurse had finished her shift. Nevertheless, Lt. Fiffe

---

violation or notice of facts which, in the exercise of due diligence, would have led to actual knowledge thereof." *Piotrowski*, 51 F.3d at 516, quoting *Vigman v. Community National Bank and Trust Co.*, 635 F.2d 455, 459 (5th Cir. 1981). A plaintiff need not realize that a legal cause of action exists but only that the facts support a claim. See, *Harrison v. United States*, 708 F.2d 1023, 1027 (5th Cir. 1983).

The Fifth Circuit has approved application of Louisiana's one-year personal injury statute of limitations provided by La. Civ.Code Ann. art 3492 in a §1983 action. *Lavellee v. Listi*, 611 F.2d 1129 (5th Cir. 1980). If plaintiff's injury and the subsequent denial of medical care occurred in April 2007, plaintiff had one year, or until April 2008 to file his complaint. Plaintiff, however, did not file suit until December 2008 and therefore, if the dates supplied in the amended complaint are accurate, plaintiff's suit is prescribed.

supplied plaintiff with some topical medication, which, according to plaintiff, did not work.

    6. On April 17, 2008, plaintiff did not report to work at Bastrop Skid. Instead he made a sick call and was examined by Nurse Grayson. She gave plaintiff a pill. Plaintiff asked Nurse Grayson to intercede on his behalf to Lt. Fiffe about getting another job since the "dust" at Bastrop Skid was causing him to "break out." Grayson did not reply and instead ordered plaintiff to return to his dorm.

    7. On April 18, 2007, plaintiff complained to Mr. Armstrong about itching from the dust. Armstrong again assigned him to work on the "saw block machine" until 12:30 p.m. when Armstrong assigned him the task of cutting 4" x 4" boards on the table saw. When plaintiff placed the first board on the machine, the blade started smoking and plaintiff notified Armstrong. Armstrong told plaintiff to continue working. Plaintiff complied and shortly thereafter his glove got caught in the saw blade. Plaintiff attempted to press the "stop" button, but it did not work. Plaintiff was finally able to pull his hand free from the blade.

    Armstrong and Mr. Keith asked plaintiff what had happened. Plaintiff then observed that his hand was bleeding and one of his fingers was missing. Armstrong wrapped plaintiff's hand in a towel and drove plaintiff to the hospital.

    Plaintiff then was taken to the LSU Medical Center in Shreveport. The physician advised that plaintiff had injured tendons and muscle and asked him if he wanted to amputate plaintiff's thumb and index finger given that those appendages were badly damaged. Plaintiff refused and surgery was performed. Plaintiff's middle finger was amputated and plaintiff remained in the hospital for 4-5 days.

    Plaintiff returned to MPDC where he remained in constant pain. He made 3-4 sick calls

per day, but, according to plaintiff, Nurse Grayson advised him that there was nothing she could do. Plaintiff started having nightmares and requested to see a psychiatrist; however, his request was denied.

Plaintiff faults Mr. Armstrong, Mr. Keith and the Wardens and nursing staff at MPDC. As a result of this incident, plaintiff lost his middle finger and all use of his right hand.

*Law and Analysis*

*1. Screening*

When a prisoner is allowed to proceed *in forma pauperis* in a suit against an officer or employee of a governmental entity pursuant to 42 U.S.C. §1983, the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.1915A; 28 U.S.C.1915(e)(2). *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990).

A claim is frivolous if it lacks an arguable basis in law or in fact. *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir.1993); see *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992). A civil rights complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.1998).

A hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n. 4 (5th Cir.1991). A district court may dismiss a prisoner's civil rights complaint

as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir.1986).

District courts must construe *in forma pauperis* complaints liberally, but they are given broad discretion in determining when such complaints are frivolous. *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir.1994).

A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995). Furthermore, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.

The law accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Neiztke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). Plaintiff has set forth specific facts which he claims entitles him to relief. He has been afforded an opportunity to cure deficiencies and has filed an amended complaint. Further amendment is unnecessary.

### 2. *Sovereign Immunity*

In his original complaint, plaintiff sued the State of Louisiana and its "Workman Comp" agency. Sovereign immunity is a fundamental aspect of the sovereignty that the states enjoyed before the ratification of the Constitution and the Eleventh Amendment, and it was preserved intact by the Constitution. *Alden v. Maine*, 527 U.S. 706, 713, 119 S.Ct. 2240, 144 L.Ed.2d 636

(1999). The presupposition or concept of state sovereign immunity "has two parts: first, that each State is a sovereign entity in our federal system; and second, that it is inherent in the nature of sovereignty not to be amenable to the suit of an individual without its consent." *Florida Prepaid Postsecondary Educ. Expense Bd. v. College Savings Bank*, 527 U.S. 627, 634, 119 S.Ct. 2199, 144 L.Ed.2d 575 (1999)(quoting *Hans v. Louisiana* 134 U.S. 1, 13, 10 S.Ct. 504, 33 L.Ed. 842 (1890)).

Although a state may waive its Eleventh Amendment sovereign immunity, the State of Louisiana has not done so. See *Edelman v. Jordan,* 415 U.S. 651, 673, 94 S.Ct. 1347, 1360-61, 39 L.Ed.2d 662 (1974) (holding that a state's consent to suit against it in federal court must be expressed "unequivocally"). Thus, plaintiff's claims against the state of Louisiana and its agencies are clearly subject to dismissal on the basis of sovereign immunity.

### 3. "State Actor" and Exclusive Remedy

"In order to recover under § 1983, a plaintiff must prove (1) that he was deprived of a federally protected right, and (2) that the deprivation occurred under color of state law. *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155, 98 S.Ct. 1729, 1733, 56 L.Ed.2d 185 (1978). The plaintiff may satisfy the "under color of state law" requirement by proving that the conduct causing the deprivation is "fairly attributable to the State" which means proof (1) that the deprivation was caused by the exercise of a state-created right or privilege, by a state-imposed rule of conduct, or by a person for whom the state is responsible, and (2) that the party charged with the deprivation may be fairly described as a state actor. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982)).

Plaintiff has apparently named his work-release employer as a defendant; however, it is

7

unclear whether that defendant may be considered a "state actor." Further, even assuming that the employer is a "state actor", plaintiff has alleged no facts to establish liability pursuant to §1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988). The deprivation must be intentional, as negligent conduct cannot serve as the basis for a § 1983 claim. See *Jackson v. Procunier*, 789 F.2d 307, 310 (5th Cir.1986) (citing *Davidson v. Cannon*, 474 U.S. 344 (1986); *Daniels v. Williams*, 474 U.S. 327 (1986)). Plaintiff has neither alleged nor even implied the violation of a right secured by the Constitution of the United States. Plaintiff does not allege facts sufficient to visit liability pursuant to Section 1983 upon his employers – Bastrop Skid, Mr. Armstrong, and Mr. Keith.

Work release inmates are not deemed to be employees of the state, but are considered the employees of their private employer and are entitled to workers' compensation benefits. See *Rogers v. Louisiana Dept. of Corrections*, 2008-43,000 (La.App. 2 Cir. 4/30/08), 982 So.2d 252, 256, *writ denied*, 2008-1178 (La. 9/19/2008), 992 So.2d 931. Under Louisiana law, worker's compensation provides the <u>exclusive remedy for employees</u>, such as plaintiff, who were injured in the course of employment. *Harris v. Wal-Mart Stores, Inc.*, 205 F.3d 847 (5th Cir. 2000); see also La. R.S.23:1031; La. R.S.23:1032(A)(1)(a). Nevertheless, to the extent that plaintiff seeks "workers compensation" in this action, he is not entitled to such relief in this forum. He must pursue such claims as provided under Louisiana law. See La. R.S.23:1031 *et seq*. In short, plaintiff's claims against Bastrop Skid, Armstrong, and Keith must be dismissed for failing to state a claim for which relief may be granted.

8

*4. Medical Care*

Medical care claims, when asserted by convicted prisoners like plaintiff, are analyzed under the Eighth Amendment's prohibition of cruel and unusual punishment. In order to prevail on such claims, convicts must establish that the actions of the defendants were sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). "Deliberate indifference" in this context means that: (1) the prison officials were aware of facts from which an inference of substantial risk of serious harm could be drawn; (2) the officials actually drew that inference; and (3) the officials' response indicated that <u>they subjectively intended that harm occur</u>. *Thompson v. Upshur County, Texas*, 245 F.3d at 458-59. "[T]he failure to alleviate a significant risk that [the official] <u>should have perceived</u>, but did not is insufficient to show deliberate indifference." *Domino v. Texas Department of Criminal Justice*, 239 F.3d 752, 756 (5th Cir.2001)(emphasis supplied). Moreover, "deliberate indifference cannot be inferred merely from <u>a negligent or even a grossly negligent response</u> to a substantial risk of serious harm." *Thompson*, 245 F.3d at 459 (emphasis supplied). "Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind." *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir.1997); see also *Stewart v. Murphy*, 174 F.3d 530, 534 (5th Cir.1999).

Further, the mere fact that a plaintiff disagrees with what medical care is appropriate does not state a claim of deliberate indifference to serious medical needs. See *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir.1997). Plaintiff's complaint when analyzed in accordance with these principals of law, simply fail to state a claim for which relief may be granted. Plaintiff was specifically ordered to "... state what each individual defendant did to deprive him of a

constitutionally guaranteed right..." [rec. doc. 4] In response to this directive, plaintiff alleged, "...the Wardens at Morehouse Parish Detention Center the Nursing Staff at Morehouse Detention Center..." [rec. doc. 5, p. 3] He has elsewhere only alleged that following his accident and surgery, he made 3-4 sick calls per day but Nurse Grayson could do nothing for his pain; and that his request for psychiatric treatment was ignored. [*Id.*, p. 3] Plaintiff makes no showing of deliberate indifference with regard to the Wardens and medical staff at MPDC. His medical care claim is thus subject to dismissal as frivolous.

*5. Conclusion*

Plaintiff no doubt experienced a frightening and painful injury, and he may well have claims for compensation under Louisiana law; but he has not stated a claim for §1983 liability against any of the named defendants.

Accordingly,

**IT IS RECOMMENDED THAT** plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief might be granted pursuant to 28 U.S.C. §§1915 and 1915A.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10)**

**days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, April 23, 2009.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE